DOMENGEAUX, Judge.
This suit arose from an alleged breach of contract. The general contractor, Piche-loup Construction Company, Inc., had sued its heating, ventilating, and air conditioning (HVAC), subcontractor, Lindy Dennis Air Conditioning Company, Inc., for failing and refusing to install the control wiring from the air conditioners to the temperature control devices as required by their contract. The subcontractor defended' by arguing that a notation added by it to the subcontract agreement, “no elect work”, exhibited an intent between the parties that absolutely no kind of electrical wiring was to be performed by the HVAC subcontractor. The defendant further reconvened, seeking reimbursement of $6,124.60 retained by the plaintiff in lieu of performance,
*1102 For excellent reasons which we quote below, the trial judge held that the subcontract agreement was ambiguous and was to be construed against the defendant. Accordingly, the district court awarded the plaintiff the sum of $14,425.94 (with a credit for the amount held in retainage by the plaintiff), representing the cost of completion by an electrical subcontractor, interest from the date of judicial demand, and $5,000.00 in attorney’s fees.
The defendant has appealed the lower court’s judgment alleging that the notation added to the subcontract agreement did not render the contract ambiguous. Alternatively, the HVAC subcontractor maintains that the trial court failed to consider the custom of the industry in construing the allegedly ambiguous contract. At any rate, the appellant complains that the damages awarded were excessive.
The appellee has responded to this appeal with a well written brief. Additionally, the appellee answered the appeal and petitioned this Court to award an additional amount of attorney’s fees for work necessitated by this appeal. The appellee maintains that such an additional award is authorized by Paragraph 27 of the subcontract agreement. However, after reviewing the facts and circumstances of the case, submitted to us without oral argument, we hold the original award by the district court of $5,000.00 adequately compensates the plaintiff’s attorney for his work both at trial and on appeal.
As limited by the standard of Canter v. Koehring, 283 So.2d 716 (La.1973), and Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), we have thoroughly reviewed the facts of the case and find that the appellant’s contentions lack merit. For the excellent reasons assigned by the district court, upon ’ which we would be hard pressed to improve, we hold that, although ambiguous, the intent of the parties as evidenced by the contracts between them was to include within the work of the HVAC subcontractor the obligation to install control wiring.
Accordingly, we adopt the written reasons of the district court as our own:
“The issue presented is whether a notation on a subcontract agreement, P-6, by the subcontractor [defendant], after the contract was prepared by plaintiff, is sufficient to relieve defendant of its obligation to perform as the contract otherwise set forth with particularity. The contract was forwarded to defendant, unsigned, after its preparation by Piche-loup. Defendant’s manager, Mr. Gaf-ford, noted thereon, in blue ink, an agreed change in the specified air conditioning equipment, but added the words, ‘no elect work’ and his initials, H.G. The contract was returned to plaintiff in Lake Charles, Louisiana, where it was signed for plaintiff and later returned to defendant.
The controversy arose after plaintiff learned late in the job that defendant was not going to, and in fact did not, install the low voltage wiring from the air conditioners to the temperature sensing units and the control panel.
One basic principle of law affects the decision in this case. That is: an ambiguity in a written contract must be resolved against the one responsible therefor, generally the party who prepared it. [La.C.C. art. 2057.] In this instance the ambiguity, the root of these problems, is the written addition to the already written contract, the words ‘no elect work.’ It becomes ambiguous after reference to the obligation to perform the installation in accordance with designated plans and specifications, particularly Section 29 of the architect’s specifications, while Section 30 thereof deals with electrical installations. The natural and probable assumption by the other party, plaintiff, would be that the words ‘no elect work’ were added by defendant as a precaution against being called upon to install the power wiring for the air conditioning system, itself a sizeable undertaking.
Specifications Section 29-23 [pertaining to the obligations of the HVAC subcontractor] provides that:
'All line and low voltage control items furnished, installed and connected as part of the work of this section.’
*1103 and
‘All power wiring to each equipment item by electrical sub-contractor.’
Section 30-31 of the specifications states with reference to the electrical subcontractors:
‘Furnish and install all power wiring for heating and air conditioning equipment. ...’
and
‘_ all other wiring such as for remote push button stations, firestats or acquastats for use with magnetic starters, all thermostats (low or line voltage), all wiring to or from all heating and air conditioning panels, except for primary power source, pneumatic-electric switches or relays, interlock wiring, etc., is defined as control wiring, and is not included in this section of specifications.’
The foregoing demonstrate that the control wiring was a substantial part of the air conditioning-heating subcontract and it was provided for by Section 29 of the specifications. Defendant agreed by the contract to perform work and supply equipment in accordance ‘with drawings A-l, A-9, P 1-2, M 1-2, EL-3 and defined in the specifications Section 29 dated 4-15-83.’
It would be remarkable, indeed, for defendant to expect to accomplish such a substantial deviation from the clear intent of the contract by simply noting ‘no elect work’ without some clear provision therefor. The law is clear that a written contract is the law between the parties, and the obligation of the court is not to rewrite the contract but to enforce it, with due regard to the intent of the parties.
The vague testimony by Mr. Gafford to the effect that he and Mr. Victor Pi-cheloup did discuss the control wiring before the signing of the contract, without remembering the specifies of such conversations, if any, is far from sufficient to alter its clear provisions. The addition of the words ‘no elect work’ by Mr. Gafford were not sufficient to alert Mr. Picheloup to a proposed substantial change in the prepared contract. The ambiguity created by those words must be resolved against defendant. A vague generality may not alter a specific agreement.
[[Image here]]
The court is satisfied that plaintiff took the most practical course available when it was learned, at the 11th hour so to speak, that defendant did not intend to complete the job by installing and connecting the air conditioning controls and wiring. The press of time required urgent action to avoid penalties, for failure to timely finish the project. The time expended to obtain bids for that work, in the effort to avoid penalties, would likely have resulted in incurring penalties for late completion. [Further, t]he charges made by the electrical contractor on the job are not shown to have been out of line, whereas a demand for a premium for the urgency of the job might have been reasonably expected [,especially since a good portion of the charges resulted from overtime work necessitated by the press of time]....”
For the above and foregoing reasons, the judgment of the district court is affirmed. All costs on appeal to be cast against the appellant.
AFFIRMED.